UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RGA REINSURANCE COMPANY, | : |
| | : CIVIL ACTION NO. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ALLIANCE-ONE SERVICES, INC., | : |
| | : |
| Defendant. | : October 15, 2024 |
| | : |

## COMPLAINT

Plaintiff, by its attorneys, for its complaint against the Defendant avers upon knowledge as to its own acts and otherwise on information and belief as follows:

### Introduction

1. Plaintiff RGA Reinsurance Company ("RGA") brings this Breach of Contract action against Defendant Alliance-One Services, Inc. ("Alliance-One") pursuant to the Service Agreement dated April 5, 2000 entered into between Alliance-One and RGA (as successors in interest to MYND Corporation and Aurora National Life Assurance Company, respectively), as amended by Exhibit N [RGA Privacy and Data Security Addendum] effective June 17, 2021 (hereinafter the "Agreement" and attached as **Exhibit A**).

### Parties

2. RGA Reinsurance Company is a corporation created and existing under the laws of the State of Missouri and headquartered in Chesterfield, Missouri.

3. Alliance-One is a corporation created and existing under the laws of the State of Delaware and headquartered in Ashburn, Virginia.

1

## Jurisdiction

4. The United States District Court for the District of Connecticut has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. RGA and Alliance-One (the "Parties") have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Section 14.09 of the Agreement provides that "jurisdiction shall be … in Connecticut for actions filed by or on behalf of Client Company …." This Court has specific personal jurisdiction over Defendant based on Alliance-One's status as a successor to MYND Corporation's (f/k/a Financial Administrative Services, Inc.) assets and liabilities. This Court also has personal jurisdiction over Defendant based on Alliance-One's active registration to conduct business in Connecticut.

6. Venue is proper pursuant to Section 14.08 of the Agreement, in which the parties and/or their predecessors in interest agreed to jurisdiction in Connecticut for actions filed by RGA. Alliance-One is subject to personal jurisdiction in this forum, and venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (3).

## Count I: Breach of Contract

7. On June 17, 2021, the Parties amended the Agreement wherein Alliance-One agreed to perform certain administrative services, including overseeing its subcontractor, PBI Research Services ("PBI"). Among other things, PBI searches death records for life insurers and reinsurers ("death match services"), and Alliance-One administers those services for RGA pursuant to the Agreement.

8. Alliance-One uses PBI's file transfer portal to send and receive files in support of the death match services being provided under the Agreement.

9. On June 3, 2023, PBI informed Alliance-One of a possible data breach in PBI's file transfer portal. On June 13, 2023, Alliance-One was informed that two files with RGA customer data were impacted and unique social security numbers and names were included in those files. Alliance-One informed RGA that policy numbers and customer date of birth information were also included within the "impacted" files (the "Incident").

10. As a direct result of this cyber security breach, RGA had to immediately take steps to protect individuals' data and mitigate any further damages, including, but not limited to, incurring legal expenses to respond to the Incident, notifying affected individuals, and procuring credit monitoring subscriptions for affected individuals.

11. As part of the Agreement and the relevant Addendum to the same, Alliance-One agreed to and has a duty to reimburse RGA for expenses incurred in response to the Incident under Section 8.02, which states "Except as otherwise expressly provided in this Agreement, [Alliance-One] shall indemnify and hold Client Company and its Affiliates harmless from and against any and all Damages and Claims which Damages and Claims arise out of or are attributable to: (a) [Alliance-One's] breach of any representation or warranty under Section 9 or of any covenant under Section 6, 10, or 11…"

12. Further, Addendum 6, Section 21 supplements Section 10: Confidentiality with the following:

> 10.07 Alliance-One acknowledges with respect to all Consumer Confidential Information and Policyholder Data disclosed to Alliance-One hereunder:
>
> …
>
> (c) Alliance-One currently has, and in the future will maintain, in effect and will enforce rules and policies to protect against access to or use or disclosure of such information disclosed hereunder other than in accordance with this Agreement, including, without limitation, written instructions to, and agreements with, its representatives to ensure that such representatives protect the confidentiality of such information. Alliance-One will instruct its representatives not to disclose such information to third parties, without Client Company's prior written consent;

…

(f) Alliance-One shall maintain a written comprehensive information security program to protect information from unauthorized access, use, disclosure. modification, publication, theft or destruction. Such program shall include appropriate administrative, technical and physical safeguards, consistent with laws applicable to Alliance-One, designed to: (i) Ensure the security and confidentiality of such information; (ii) Protect against any anticipated threats or hazards to the security or integrity of such information; and (iii) Protect against unauthorized access to or use of such information, which could result in substantial harm or inconvenience to any individual;

…

(h) Alliance-One shall notify Client Company immediately of any actual or suspected disappearance or unauthorized acquisition, access, disclosure or use of such information. Alliance-One shall cooperate with Client Company as reasonably required in order to mitigate any known harmful effect of any actual or suspected disappearance or unauthorized acquisition, access, disclosure or use of such information and enable Client Company to notify those affected or take other action as necessary in order to comply with law; and

…

(j) Alliance-One shall comply with the provisions of Exhibit N attached hereto."

13. Section 2.4 ("Confidentiality") of Exhibit N provides that "[Alliance-One] will not disclose Confidential Information and Personal Data without RGA's prior written consent except: (a) to those of its personnel or Affiliate personnel who need to know the Confidential Information in order to carry out the Services, provided that Supplier shall all times be responsible for the use or disclosure of such Confidential Information by such personnel or Affiliate personnel. …"

14. Section 2.5 of Exhibit N, which was incorporated into the Agreement, defines "Supplier Personnel" as "any Subcontractors and their personnel…"

15. In Section 2.7 of Exhibit N, Alliance-One "agrees to reimburse RGA for the expenses RGA incurs as a result of such Information Security Incident to the extent caused by Supplier or Supplier personnel's acts or omissions (or any other personnel performing services hereunder for Supplier) including but not limited to, the expenses incurred in investigating the Information Security Incident and notifying affected Data Subjects, and providing such Data

Subjects with necessary or reasonable support, mitigation and protection, such as credit monitoring [subject to the limitations set forth in Section 8.03(e) and Section 8.03(f) of the Agreement]."

16. Section 3 of Exhibit N also provides that Alliance-One "agrees to indemnify, hold harmless and defend at its own expense RGA against all third party claims, liabilities, damages, obligations, judgments, causes of action, proceedings, settlements, fines and penalties, costs, expenses and fees (including reasonable attorneys' fees) incurred by RGA or its Affiliates or for which RGA or its Affiliates may become liable due to any failure by Supplier or Supplier personnel or Subcontractors to comply with any of Supplier's obligations under this Addendum. Supplier's obligations under this Section 3 shall be subject to any applicable limitation of liability set forth in Section 8(e) or Section 8(f) of the Agreement."

17. Based on the plain language of the Agreement, Alliance-One is responsible for its Supplier Personnel's acts, omissions, and/or failures to comply with Alliance-One's obligations to RGA.

18. Per the Agreement, PBI is a subcontractor and thus a "Supplier Personnel."

19. Per the Agreement, Alliance-One agreed to reimburse RGA for the expenses RGA incurred as a result of the Incident to the extent caused by Supplier or Supplier Personnel's acts or omissions.

20. On June 29, 2023, RGA first notified Alliance-One of potential claims for indemnification and subsequently sent follow-up communications regarding expenses it had incurred and Alliance-One's indemnification obligations as a result of the Incident.

21. Alliance-One has failed to indemnify RGA for its Supplier Personnel's acts or omissions and the damages that RGA incurred as a direct result.

22. RGA has fully performed under the Agreement.

23. Alliance-One's failure to indemnify is a breach of the Agreement.

24. As a result of Alliance-One's breach of contract, RGA has incurred damages exceeding $550,000.

WHEREFORE, Plaintiff demands:

1. Money damages;

2. Interest;

3. Costs; and

4. Such other and further relief as the Court deems just and proper.

          RGA Reinsurance Company

By: _____
          John G. McCarthy (CT17187)
SMITH GAMBRELL & RUSSELL LLP
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
jmccarthy@sgrlaw.com

Peter B. Steffen, Esq.*
William J. Sullivan, Esq.*
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
psteffen@sgrlaw.com
wsullivan@sgrlaw.com

Its Attorneys

---

* Not admitted in Connecticut. Will seek *pro hac vice* admission.